

FILED

JAN 0 8 2014

Clerk, U.S. District Court
District Of Montana
Missoula

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| FEDERAL TRADE COMMISSION, | CV 13-3-M-DLC |
| Plaintiff, | |
| -vs- | ORDER |
| AMERICAN EVOICE, LTD., EMERICA MEDIA CORPORATION, FONERIGHT, INC., GLOBAL VOICE MAIL, LTD., HEARYOU2, INC., NETWORK ASSURANCE, INC., SECURATDAT, INC., TECHMAX SOLUTIONS, INC., VOICE MAIL PROFESSIONALS, INC., STEVE V. SANN, TERRY D. LANE, a/k/a TERRY D. SANN, NATHAN M. SANN, ROBERT M. BRAACH, | |
| Defendants, | |
| *and* | |
| BIBLIOLOGIC, LTD., | |
| Relief Defendant. | |

Before the Court is Defendant Steve Sann's motion for release of funds.

The Court previously ordered that Mr. Sann be granted access to $150,000 from

his frozen retirement funds for purposes of hiring counsel of his choice to represent

him in a related criminal proceeding, Case Number CR-13-43-M-DLC. Mr. Sann,

however, was unable to hire counsel of his choice using the $150,000 because counsel of his choice demanded at least a $500,000 retainer.

Mr. Sann did not seek from this Court additional funds by way of a second modification of the stipulated preliminary injunction order. Instead, Mr. Sann endeavored to become eligible for CJA Panel representation. To that end, Mr. Sann agreed to deposit the $150,000 with the Clerk of Court for use in accordance with Criminal Justice Act guidelines.

Mr. Sann now seeks permission to withdraw the $150,000, but seeks a modification of the Court's previous Order such that he be allowed to take the $150,000 from an escrow account belonging to Olhsan Frome Wolosky, LLP, rather than from the retirement accounts. Mr. Sann asserts that the funds in the escrow account are liquid and immediately available, and were obtained, with the knowledge of the Federal Trade Commission, through the sale of a condominium subject to the asset freeze. Mr. Sann further asserts that taking the funds from this account avoids otherwise severe tax consequences associated with liquidating funds in his retirement accounts.

The FTC opposes Mr. Sann's request to take the funds from the escrow account rather than the retirement accounts. The FTC contends that taking the funds from the retirement accounts is least likely to prejudice the FTC because the

funds in the retirement accounts are tainted funds and Mr. Sann is likely to assert

that they are beyond the reach of the FTC as a judgment creditor if the FTC

prevails in its action against Mr. Sann.

Both sources of funding are currently frozen pursuant to the Court's

Stipulated Preliminary Injunction Order.  In addition, both sources of funding,

according to the FTC, are tainted.  The Court is thus left to resolve the question of

which source of frozen and allegedly tainted funds Mr. Sann should be allowed to

access for purposes of depositing these funds with the Clerk of Court in order that

he may qualify for counsel pursuant to the Criminal Justice Act.

It is not disputed that liquidating funds from the retirement accounts will

have severe and permanent tax consequences for Mr. Sann.  Nor is it disputed that

the funds in the escrow account are liquid, immediately available, and were made

liquid with the knowledge of the FTC.  Under the circumstances, the Court finds

that it makes little sense to further complicate this matter by requiring Mr. Sann to

liquidate funds from his retirement accounts and causing Mr. Sann to suffer severe

tax consequences.

The FTC contends that *SEC v. McGinn*, 2012 U.S. Dist. LEXIS 47369,

(N.D.N.Y. 2012), supports its position.  *McGinn* however is both inapposite and

contrary to the FTC's position.  In *McGinn*, the Court allowed the defendant access

-3-

only to untainted funds in his retirement account. Here, by contrast, the FTC argues that Mr. Sann should use funds in the retirement accounts *because they are tainted*. Furthermore, in *McGinn* the funds in the retirement accounts were <u>not</u> subject to an asset freeze. Here, the retirement funds, like virtually all of Mr. Sann's assets, are frozen. *McGinn* is thus distinguishable and contrary to the FTC's position.

In addition, the FTC's stated purpose in freezing Mr. Sann's assets is to preserve the assets in order to provide restitution payments to victims of Mr. Sann's alleged unlawful conduct. Requiring Mr. Sann to liquidate funds from the retirement accounts and forcing him to incur severe tax consequences as a result undermines the FTC's asserted goal. Moreover, the FTC provides no citation for its assertion that the frozen retirement funds will be beyond the reach of the FTC as a judgment creditor if the FTC ultimately prevails in this matter.

To the extent that the FTC premises its opposition to Mr. Sann's motion on asserted violations of the Court's local rules, the Court rejects these arguments. While Sann's motion is likely best treated as a motion for reconsideration under Local Rule 7.3, Sann is correct that the facts and circumstances warrant reconsideration. Mr. Sann is no longer seeking monies for payment to the attorney of his choice. Instead, these monies will be deposited with the Clerk of Court for

purposes of Mr. Sann's qualification for representation under the Criminal Justice

Act and the funds will be used to reimburse the Criminal Justice Act fund.

Additionally, the Court now has before it the Affidavit of Certified Public

Accountant John T. Boyle, and a clear understanding of the nature of the tax

consequences involved in drawing funds from Mr. Sann's retirement accounts.

Finally, though leave of Court is required to file a motion for reconsideration

pursuant to Local Rule 7.3(a), had Mr. Sann filed such a motion, leave would have

been freely granted.

Accordingly, IT IS ORDERED that the motion for release of funds (Doc.

81) is GRANTED.

IT IS FURTHER ORDERED that Mr. Sann may direct the withdrawal of the

sum of one hundred fifty thousand dollars ($150,000.00) as previously approved

for legal defense expenses; and

IT IS FURTHER ORDERED that such funds may be withdrawn from the

fund currently being held in escrow by Mr. Sann's counsel, Olshan Frome

Woloksy, LLP, and which were deposited in escrow following the sale of a

condominium with notice to Plaintiff Federal Trade Commission; and

IT IS FURTHER ORDERED that once such funds are withdrawn from

escrow, they shall immediately be deposited with the Clerk of Court for eventual

reimbursement to the Criminal Justice Act fund.

DATED this __8th__ day of January 2014.

Dana L. Christensen, Chief Judge
United States District Court