Robert K. Baldwin
Trent M. Gardner
Kyle W. Nelson
GOETZ, BALDWIN & GEDDES, P.C.
35 N. Grand
P.O. Box 6580
Bozeman, MT  59771-6580
Phone:  (406) 587-0618
Fax:     (406) 587-5144
Email:   rbaldwin@goetzlawfirm.com
             tgardner@goetzlawfirm.com
             knelson@goetzlawfirm.com

Counsel for Christy L. Brandon, Chapter 7 Trustee
of the Bankruptcy Estate of Steven Sann

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| FEDERAL TRADE COMISSION, | No. 9:13-CV-003-DLC |
| Plaintiff, | |
| | Hon. Dana L. Christensen |
| v. | |
| AMERICAN EVOICE, LTD., et al. | Brandon's Brief In Support of Motion for Substitution |
| Defendants, | |
| *and* | |
| BIBLIOLOGIC, LTD., | |
| Relief Defendant. | |

Christy L. Brandon, the duly-appointed Chapter 7 Trustee of the bankruptcy estate of defendant Steven Sann, files this brief in support of her motion (Doc. 119) for an order partially substituting her in place of Steven Sann as a defendant in this case.

## INTRODUCTION

On April 30, 2015, the Acting United States Trustee appointed Brandon as the Chapter 7 trustee of the bankruptcy estate of defendant Steven Sann.  *See In re: Steven Vincent Sann*, United States Bankruptcy Court for the District of Montana, Case No. 14-61370-7, Notice of Appointment of Trustee (Bankr. Ct. Doc. # 253, April 30, 2015), a copy of which is attached hereto as Exhibit 1.[1]

She seeks, not to intervene under Rule 24, but to be substituted under Rule 25 as the real party in interest, in Steven Sann's place and stead, for all aspects of this case which affect, or could affect, property of the bankruptcy estate, *i.e.*, all nonexempt property which formerly belonged to Mr. Sann.  It is impossible at this stage to foresee and describe each and every aspect of the case which might fall within that category.  Certainly, however, the FTC's attempts to recover monetary

---

[1] Pursuant to Rule 201, Fed.R.Evid., this Court may take judicial notice of the fact of Brandon's appointment.

relief against Mr. Sann implicate those concerns. For the reasons which follow, Brandon should have the right to participate in all such aspects of this case.

Conversely, however, Brandon does not seek to be substituted in Mr. Sann's place insofar as this proceeding involves requests for injunctive or other relief against Mr. Sann which does not implicate the property of the bankruptcy estate. Thus, to the extent that the FTC seeks provisional or final remedies restricting Mr. Sann from engaging in certain conduct, Brandon does not claim or seek the right to defend against such claims.

## ARGUMENT

A chapter 7 bankruptcy trustee must "collect and reduce to money the property of the estate for which such trustee serves . . . ." 11 U.S.C. § 704. The term "property of the estate" is very broad, encompassing "property, wherever located and by whomever held," including "all legal or equitable interests of the debtor in property as of the commencement of the case." 11 U.S.C. § 541(a)(1).

Given Brandon's appointment, Sann no longer has an interest in the "property of the estate." *See Spenlinhauer v. O'Donnell,* 261 F.3d

113, 118 (1st Cir.2001) ("The advent of the chapter 7 estate and the appointment of the chapter 7 trustee divest the chapter 7 debtor of all right, title and interest in nonexempt property of the estate at the commencement of the case").

The effect is that Brandon, as the trustee, and not Sann, has the exclusive right to "administer all aspects" of Sann's property, including litigation. *See Google, Inc. v. Central Mfg., Inc.*, 2009 WL 2515624 (N.D.Ill. Aug. 17, 2009). This includes the "exclusive right to represent the debtor in court." *Matter of New Era, Inc.*, 135 F.3d 1206, 1209 (7th Cir. 1998).

This "exclusive right to represent the debtor in court" precludes attempts by the debtor, or others, to prosecute claims belonging to the estate. Thus, a debtor (like Sann) lacks standing to prosecute claims which arose pre-bankruptcy, because they are "property of the estate." *In re: Seymour*, 2015 WL 1966064 (9th Cir. May 4, 2015) (unpublished). "[T]he bankruptcy code endows the bankruptcy trustee with the exclusive right to sue on behalf of the estate." *Estate of Spirtos v. One San Bernardino Cnty. Superior Court Case Numbered SPR 02211*, 443

F.3d 1172, 1176 (9th Cir. 2006); *see also* 11 U.S.C. § 323 (bankruptcy trustee has "capacity to sue and be sued."

This exclusivity extends to the right to **defend** claims against the property. "In liquidation proceedings, *only* the trustee has standing to prosecute or defend a claim belonging to the estate." *Cable v. Ivy Tech State Coll.*, 200 F.3d 467, 472 (7th Cir. 1999) *overruled on other grounds by Hill v. Tangherlini*, 724 F.3d 965 (7th Cir. 2013) (emphasis in original).

While his case was a Chapter 11 reorganization case (prior to conversion to Chapter 7), Sann was a debtor-in-possession, and had all of the rights of a trustee. 11 U.S.C. § 1107. Upon conversion and Brandon's appointment, those rights (and the estate property) transferred to Brandon.

Rule 25(c), Fed.R.Civ.P. provides that "[i]f an interest is transferred, the action may be continued by or against the original party unless the court, on motion, orders the transferee to be substituted in the action . . . ." *Id.* 6 *Moore's Federal Practice*, § 25.31[1] (Matthew Bender 3d Ed.) cites "transfer because of

bankruptcy" as an example of a situation in which "[s]ubstitution is usually appropriate."

Thus, when a trustee asserts the right to displace the debtor as a litigant because the right at issue belongs to the bankruptcy trustee, "the usual remedy is to substitute as the real party in interest the trustee of the bankruptcy estate in the place and stead of the former debtor." *Rousseau v. Diemer*, 24 F.Supp.2d 137, 143 (D.Mass. 1998) (quoting *Kohlbrenner v. Victor Belata Belting Co., Inc.*, No. 94–CV–0915E(H), 1998 WL 328639 (W.D.N.Y.1998)). Cases abound in which Courts have done just that. *See, e.g., Copelan v. Techtronics Indus. Co.*, __ F.Supp.3d ___, No. 12-CV-01285-BAS MDD, 2015 WL 1413107, at *3 (S.D. Cal. Mar. 27, 2015) ("substitution is appropriate"); *Killmeyer v. Oglebay Norton Co.*, 817 F. Supp. 2d 681, 689 (W.D. Pa. 2011) (granting trustee's motion for substitution, explaining that "Fed.R.Civ.P. 25(c) allows the court, on motion, to substitute a trustee for a chapter 7 debtor where the trustee is the proper party in interest."); *Owens v. Dolgencorp, LLC*, No. 3:12-CV-313, 2013 WL 6795415, at *2 (S.D. Ohio Dec. 19, 2013) (granting "Plaintiff's Motion for Substitution of Bankruptcy Trustee as Real Party in Interest"); *AT & T Corp. v.*

*Walker,* No. C04-5709FDB, 2006 WL 828392, at *2 (W.D. Wash. Mar. 23, 2006) (granting Chapter 7 trustee's motion to be substituted as real party in interest).

The FTC's claims for remedies directed, not to money or property, but to Sann's future conduct and behavior, of course, do not implicate the property of the bankruptcy estate. Brandon claims no interest in or right to defend against such claims; Sann should continue to be allowed to participate to that extent.

## CONCLUSION

For the foregoing reasons, the Court should grant Brandon's motion, and order that she is substituted in this matter in the place and stead of Steven Sann for all aspects of the case that implicate the property of the bankruptcy estate, including, without limitation, the right (to the exclusion of Mr. Sann) to defend all claims for monetary relief or recovery of property.

DATED this 15th day of May, 2015.

*/s/ Robert K. Baldwin*
Robert K. Baldwin

## CERTIFICATE OF SERVICE

I certify that, on May 15, 2015, a copy of the foregoing document was served on the following persons by the following means:

| | |
|---|---|
| __1-8__ | CM/ECF |
| _____ | Hand Delivery |
| __ _ __ | Mail |
| _____ | Overnight Delivery Service |
| _____ | Fax |
| _____ | E-Mail |

1. Clerk, U.S. District Court

2. Michael P. Mora
   Federal Trade Commission
   600 Pennsylvania Ave. N.W.
   Washington DC 20580

3. Richard McKewen
   Federal Trade Commission
   915 Second Ave., Su. 2896
   Seattle, WA 98174

4. Andrew B. Lustigman
   Scott A. Shaffer
   Olsahn Frome Wolosky LLP
   65 E. 55th Street
   New York, NY 10022

5. Brian Blankenship
   Samuel A. Schwartz
   The Schwartz Law Firm
   6623 Las Vegas Blvd. S.
   Suite 300
   Las Vegas, NV  89119

6. Michael J. Sherwood
   Michael J. Sherwood, P.C.
   Box 8358
   401 N. Washington
   Missoula, MT  59807

7. Sarah J. Rhoades
   Attorney at Law
   P.O. Box 8358
   Missoula, MT  59807

8. Joshua S. Van de Wetering
   Van De Wetering & BAFFA
   269 West Front Street
   PO Box 7575
   Missoula, MT  59807

*/s/ Robert K. Baldwin*
Robert K. Baldwin

## CERTIFICATE OF COMPLIANCE

Pursuant to Local Rule 7.1(d)(2)(E) of the Federal Rules of Civil Procedure, the undersigned certifies that the word count calculated by Microsoft Word 2010 is 1,133 words (excluding the caption, certificate of service and certificate of compliance).

DATED this 15th day of May, 2015.

*/s/ Robert K. Baldwin*
Robert K. Baldwin
GOETZ, BALDWIN & GEDDES, P.C.
Counsel for Christy L. Brandon,
Chapter 7 Trustee of the Bankruptcy
Estate of Steven Sann