
IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| FEDERAL TRADE COMMISSION,<br><br>Plaintiff,<br><br>vs.<br><br>AMERICAN EVOICE, LTD., EMERICA MEDIA CORPORATION, FONERIGHT, INC., GLOBAL VOICE MAIL, LTD., HEARYOU2, INC., NETWORK ASSURANCE, INC., SECURATDAT, INC., TECHMAX SOLUTIONS, INC., VOICE MAIL PROFESSIONALS, INC., STEVE V. SANN, TERRY D. LANE, a/k/a TERRY D. SANN, NATHAN M. SANN, ROBERT M. BRAACH,<br><br>Defendants.<br><br>and<br><br>BIBLIOLOGIC, LTD.,<br><br>Relief Defendant. | CV 13-03-M-DLC<br><br>ORDER |

Pro se Defendant Steven V. Sann ("Sann") moves the Court for an order authorizing an increase in his monthly telephone minutes.[1] Sann is currently

---

[1] Sann's motion fails to comply with this District's Local Rules which require that: (1) all motions "must state that other parties have been contacted and state whether any party objects to the motion"; and (2) "[w]hen a motion is unopposed, the word 'unopposed' must appear in the

-1-

incarcerated in the Taft Correctional Institution ("TCI") in Taft, California. Sann states that TCI allows each inmate 300 minutes of phone time per month. This amount of time is inadequate, Sann argues, given the complicated nature of this case and his need to prepare for his defense by contacting individuals with access to his business records. Sann maintains that the Court should order TCI to increase Sann's phone time to 950 minutes per month. Plaintiff Federal Trade Commission ("FTC") does not oppose this motion but has expressed hesitation as to whether the Court retains authority to grant the relief requested. For the reasons explained below, Sann's motion will be denied.

Sann makes two arguments in favor of the Court authorizing an extension of minutes. First, Sann asserts that his constitutional rights will be infringed should he fail to receive more than 300 minutes per month. Specifically, Sann asserts a right of access under the First Amendment and a Fifth Amendment right of due process because he is an inmate in a court case. Second, Sann contends that his limited phone time gives the FTC a tactical advantage in litigation and it would be unfair not to order TCI to increase his minutes. Sann supports this argument by pointing out that a Stipulated Preliminary Injunction Order ("Asset Freeze Order")

---

title of the motion." D. Mont. L.R. 7.1(c). The Court counsels Sann to comply with the Local Rules in all future filings as failure to do so will result in prompt dismissal of the motion.

was issued in this case which froze Sann's assets and now prevents him from retaining an attorney. The Court will address each of these arguments separately.

Sann is correct that prisoners retain a First Amendment right of access to the telephone while incarcerated. *Johnson v. State of Cal.*, 207 F.3d 650, 656 (9th Cir. 2000). However, "this right is subject to reasonable limitations arising from the legitimate penological and administrative interests of the prison system." *Id.* Michael Sherwood, Sann's former attorney, submitted a Declaration (Doc. 199) with the Court explaining his conversation with Del Patrick concerning Sann's litigation resources while incarcerated. Mr. Patrick is the executive assistant to the warden of TCI. In this Declaration, it was explained that though 300 minutes of phone time was not the maximum of amount of phone time set for inmates under federal law, 300 minutes "is all the [TCI] resources will allow." (Doc. 199 at 4.) This limitation is thus grounded in a legitimate penological and administrative interest of TCI. Sann's First Amendment argument fails.

Turning to the due process argument, Sann is again correct that inmates retain a constitutional right of access to the courts grounded in the Due Process Clause. *Storseth v. Spellman*, 654 F.2d 1349, 1352 (9th Cir. 1981). This right "requires prison authorities to assist inmates in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries or

adequate assistance from persons trained in the law." *Bounds v. Smith*, 430 U.S. 817, 828 (1977), *overruled on other grounds by Lewis v. Casey*, 518 U.S. 343 (1996). Here, Sann is not asserting that he is prohibited from accessing the Court. For example, Sann does not contend that TCI's policy prevents him from calling an attorney, if he so chooses. Instead, Sann asserts that his ability to mount a defense is impaired because he cannot speak with non-attorney professionals in excess of 300 minutes per month. Thus, Sann's situation does not rise to a denial of access, and, instead, is merely a by-product of incarceration.[2] Sann's argument fails to allege a constitutional violation.

Next, Sann asserts that the FTC gains a tremendous litigation advantage in this case because of his phone time limitations. Though the Court is sympathetic to Sann's predicament, the Court notes that this situation is the result of Sann's voluntary actions. On May 7, 2013, Sann, as well as his co-Defendants, jointly moved the Court to issue the Asset Freeze Order. (Doc. 51.) This Asset Freeze Order was stipulated to and jointly drafted by the parties, all with Sann's consent. Further, as discussed in this Court's Order dated December 8, 2015, Sann voluntarily sought the protection of the Bankruptcy Court when he filed for

---

[2] The Court notes that Sann fails to explain why alternative methods of communication, such as writing a letter, would be inadequate in this situation.

Chapter 11 bankruptcy in September of 2014. (Doc. 196 at 3.) This filing furthered complicated Sann's access to assets and his ability to retain an attorney. (*Id.* at 4. (discussing how the frozen assets were now property of the bankruptcy estate)) Accordingly, whatever complications arise from Sann's limited phone time and lack of an attorney, these complications are the consequences of Sann's actions.

Finally, even if the Court was inclined to order TCI to increase Sann's minutes, the Court lacks the authority to do so. First, the Court lacks jurisdiction over TCI because it is not a party to this suit. *Ins. Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 701 (1982) ("The validity of an order of a federal court depends upon that court's having jurisdiction over both the subject matter and the parties."). Further, the Court is not aware of any statutory authority which allows a district court to order a non-party prison to increase an inmate's phone time. Finally, this motion is not the proper vehicle for receiving the relief requested. Sann' motion, in its essence, is attempting to challenge a condition of his confinement, i.e., his lack of adequate phone privileges. Generally speaking, challenges to the conditions of an inmate's confinement must arise by filing a habeas corpus petition pursuant to 28 U.S.C. § 2241. *Hernandez v. Campbell*, 204 F.3d 861, 864 (9th Cir. 2000) (citations omitted); *see also* 28

U.S.C. § 2241(d) (stating that this petition "may be filed in the district court for the district wherein such person is in custody"). Accordingly, the Court will deny Sann's motion.

IT IS ORDERED that Defendant Steven V. Sann's Motion for Order Authorizing Increase in Phone Minutes (Doc. 202) is DENIED.

DATED this 26th day of May, 2016.

*Dana L. Christensen*
Dana L. Christensen, Chief Judge
United States District Court