IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION



| | |
|---|---|
| FEDERAL TRADE COMMISSION,<br><br>Plaintiff,<br><br>vs.<br><br>AMERICAN EVOICE, LTD., EMERICA MEDIA CORPORATION, FONERIGHT, INC., GLOBAL VOICE MAIL, LTD., HEARYOU2, INC., NETWORK ASSURANCE, INC., SECURATDAT, INC., TECHMAX SOLUTIONS, INC., VOICE MAIL PROFESSIONALS, INC., STEVE V. SANN, TERRY D. LANE, a/k/a TERRY D. SANN, NATHAN M. SANN, ROBERT M. BRAACH,<br><br>Defendants.<br><br>and<br><br>BIBLIOLOGIC, LTD.,<br><br>Relief Defendant. | CV 13-03-M-DLC<br><br>STIPULATED ORDER FOR PERMANENT INJUNCTION AND MONETARY JUDGMENT AS TO DEFENDANT ROBERT BRAACH |

Plaintiff Federal Trade Commission ("FTC" or "Commission") filed its

Complaint (Doc. 1) for permanent injunction and other equitable relief in this

1

matter pursuant to Section 13(b) of the Federal Trade Commission Act ("FTC Act"), 15 U.S.C. § 53(b), against Defendants American eVoice, Ltd.; Emerica Media Corp.; FoneRight, Inc.; Global Voice Mail, Ltd.; HearYou2, Inc.; Network Assurance, Inc.; SecuratDat, Inc.; Techmax Solutions, Inc.; Voice Mail Professionals, Inc.; Steven V. Sann; Terry D. Lane (a/k/a Terry D. Sann); Nathan M. Sann; and Robert M. Braach ("Defendants"); and Relief Defendant Bibliologic, Ltd.

Plaintiff FTC and Defendant Robert M. Braach stipulate to the entry of this this Stipulated Permanent Injunction ("Order") to resolve all matters in dispute in this action between them.

THEREFORE, IT IS ORDERED as follows:

### FINDINGS

1. This Court has jurisdiction over this matter.

2. The FTC's Complaint charges that Defendants engaged in deceptive and unfair acts or practices in violation of Section 5 of the FTC Act, 15 U.S.C. § 45, by placing unauthorized charges on consumers' telephone bills ("cramming").

3. Defendant Braach neither admits nor denies any of the allegations in the Complaint, except as specifically stated in this Order. Only for

purposes of this action, Defendant Braach admits the facts necessary to establish jurisdiction.

4. Defendant Braach waives any claim that he may have under the Equal Access to Justice Act, 28 U.S.C. § 2412, concerning the prosecution of this action through the date of this Order, and agrees to bear his own costs and attorney fees.

5. Defendant Braach waives all rights to appeal or otherwise challenge or contest the validity of this Order.

**DEFINITIONS**

For purposes of this Order, the following definitions shall apply:

1. **"Clearly and Conspicuously"** means that a required disclosure is difficult to miss (i.e., easily noticeable) and easily understandable by ordinary consumers, including in all of the following ways:

   a. In any communication that is solely visual or solely audible, the disclosure must be made through the same means through which the communication is presented. In any communication made through both visual and audible means, such as a television advertisement, the disclosure must be presented simultaneously in both the visual and audible portions of the communication even if

the representation requiring the disclosure is made in only one
means.

b.  A visual disclosure, by its size, contrast, location, the length of
time it appears, and other characteristics, must stand out from any
accompanying text or other visual elements so that it is easily
noticed, read, and understood.

c.  An audible disclosure, including by telephone or streaming video,
must be delivered in a volume, speed, and cadence sufficient for
ordinary consumers to easily hear and understand it.

d.  In any communication using an interactive electronic medium,
such as the Internet or software, the disclosure must be
unavoidable.

e.  The disclosure must use diction and syntax understandable to
ordinary consumers and must appear in each language in which the
representation that requires the disclosure appears.

f.  The disclosure must comply with these requirements in each
medium through which it is received, including all electronic
devices and face-to-face communications.

g.  The disclosure must not be contradicted or mitigated by, or
inconsistent with, anything else in the communication.

h. When the representation or sales practice targets a specific audience, such as children, the elderly, or the terminally ill, "ordinary consumers" includes reasonable members of that group.

2. **"Corporate Defendants"** means American eVoice, Ltd.; Emerica Media Corp.; FoneRight, Inc.; Global Voice Mail, Ltd.; HearYou2, Inc.; Network Assurance, Inc.; SecuratDat, Inc.; Techmax Solutions, Inc.; Voice Mail Professionals, Inc., as well as any affiliates, subsidiaries, successors, or assigns, and any fictitious business entities or business names created or used by these entities, or any of them.

3. **"Defendants"** means the Individual Defendants and the Corporate Defendants, individually, collectively, or in any combination.

4. **"Individual Defendants"** means Steven V. Sann; Terry D. Lane (a/k/a Terry D. Sann); Nathan M. Sann; and Robert M. Braach.

5. **"Person"** means a natural person, an organization or other legal entity, including a corporation, partnership, sole proprietorship, limited liability company, association, cooperative, or any other group or combination acting as an entity.

# ORDER

## I. PROHIBITION AGAINST TELEPHONE BILLING

**IT IS THEREFORE ORDERED** that Defendant Braach is permanently restrained and enjoined from placing charges on any person's telephone bill, whether directly or through an intermediary, including by providing any advertising, marketing, financial, or technical assistance to other persons to place charges on any person's telephone bill.

## II. PROHIBITION AGAINST BILLING WITHOUT AUTHORIZATION

**IT IS FURTHER ORDERED** that Defendant Braach and his officers, agents, servants, employees, and attorneys, and all other persons in active concert or participation with any of them, who receive actual notice of this Order, whether acting directly or indirectly, are permanently restrained and enjoined from (a) representing or assisting others in representing, expressly or by implication, that a consumer is obligated to pay any charge for goods or services, or (b) causing or assisting others in causing any charge to be billed to a consumer's account, unless:

- A. the consumer provides express verifiable authorization to be charged; and
- B. all material terms of the offer for which the consumer is billed, including the number and amount of each charge and the account to

which each charge will be billed, have been clearly and conspicuously disclosed prior to the authorization of the charge and in close proximity to any request that the consumer provide his or her name, address, telephone number, email address, account number or any other payment information.

## III. PROHIBITION AGAINST USE OF CONSUMER INFORMATION

**IT IS FURTHER ORDERED** that Defendant Braach and his officers, agents, servants, employees, and attorneys, and all other persons in active concert or participation with any of them, who receive actual notice of this Order, whether acting directly or indirectly, are hereby restrained and enjoined from:

A.  disclosing, using, or benefitting from customer information, including the name, address, telephone number, email address, social security number, other identifying information, or any data that enables access to a customer's account (including a credit card, bank account, or other financial account), that any Defendant obtained prior to entry of this Order in connection with the placement of charges on consumers' telephone bills; and

B.  failing to destroy such customer information in all forms in their possession, custody, or control within 30 days after receipt of written direction to do so from a representative of the Commission.

7

Provided, however, that customer information need not be disposed of, and may be disclosed, to the extent requested by a government agency or required by law, regulation, or court order.

## IV. MONETARY JUDGMENT AND PARTIAL SUSPENSION
**IT IS FURTHER ORDERED** that:

A. Judgment in the amount of seventy-one million, forty thousand, forty-five dollars and twenty-one cents ($71,040,045.21) is hereby entered in favor of the Commission against Defendant Braach, jointly and severally, as equitable monetary relief.

B. Defendant Braach is ordered to pay to the Commission Seventy-Five Thousand dollars ($75,000.00). Such payment must be made within 7 days of entry of this Order by electronic fund transfer in accordance with instructions provided by a representative of the Commission.

C. Upon the payment required by Section IV.B, the remainder of the monetary judgment is suspended, subject to Sections IV.D through IV.G below.

D. The Commission's agreement to the suspension of part of the monetary judgment is expressly premised upon the truthfulness, accuracy, and completeness of the Defendant Braach's sworn

8

financial statements and related documents (collectively, "financial representations") submitted to the Commission, namely:

1. Financial Statement of Defendant Braach signed on January 25, 2013, including attachments;

2. Emails from Counsel for Defendant Braach to Counsel for the FTC dated March 31, 2015; April 15, 2016; May 16, 2016; and July 20, 2016, and attachments thereto;

3. Testimony given by Defendant Braach in his depositions on May 11, 2016, and August 16, 2016.

E. The suspension of the judgment will be lifted as to Defendant Braach if, upon motion by the Commission, the Court finds that Defendant Braach failed to disclose any material asset, materially misstated the value of any asset, or made any other material misstatement or omission in the financial representations identified above.

F. The suspension of the judgment will be lifted as to Defendant Braach if he defaults on any of his obligations under this Section IV.

G. If the suspension of the judgment is lifted as Defendant Braach, the judgment becomes immediately due as to him in the amount specified in Section IV.A above (which the parties stipulate, only for purposes of this Section, represents the consumer injury alleged in the

Complaint), less any payments previously made pursuant to this Section, plus interest computed from the date of entry of this Order.

## V. ADDITIONAL MONETARY PROVISIONS

**IT IS FURTHER ORDERED** that:

A. Defendant Braach relinquishes dominion and all legal and equitable right, title, and interest in all assets transferred pursuant to this Order and may not seek the return of any assets.

B. The facts alleged in the Complaint will be taken as true, without further proof, in any subsequent civil litigation by or on behalf of the Commission, including in a proceeding to enforce its rights to any payment or monetary judgment pursuant to this Order, such as a nondischargeability complaint in any bankruptcy case.

C. The facts alleged in the Complaint establish all elements necessary to sustain an action by the Commission pursuant to Section 523(a)(2)(A) of the Bankruptcy Code, 11 U.S.C. § 523(a)(2)(A), and this Order will have collateral estoppel effect for such purposes.

D. Defendant Braach acknowledges that his Taxpayer Identification Numbers (Social Security Numbers or Employer Identification Numbers), which Defendant Braach previously submitted to the Commission, may be used for collecting and reporting on any

delinquent amount arising out of this Order, in accordance with 31 U.S.C. § 7701.

E. All money paid to the Commission pursuant to this Order may be deposited into a fund administered by the Commission or its designee to be used for equitable relief, including consumer redress and any attendant expenses for the administration of any redress fund. If a representative of the Commission decides that direct redress to consumers is wholly or partially impracticable or if money remains after redress is completed, the Commission may apply any remaining money for such other equitable relief (including consumer information remedies) as it determines to be reasonably related to Defendants' practices alleged in the Complaint. Any money not used for such equitable relief is to be deposited into the U.S. Treasury as disgorgement. Defendant Braach has no right to challenge any actions the Commission or its representatives may take pursuant to this Section V.E.

## VI. MODIFICATION OF ASSET FREEZE

**IT IS FURTHER ORDERED** that the freeze imposed on Defendant Braach's assets pursuant to the Stipulated Preliminary Injunction entered on May 8, 2013 (DE 56) is modified to permit the payment required by Section IV of this

11

Order. Upon completion of the payment required by Section IV, the asset freeze shall be dissolved.

## VII. COOPERATION

**IT IS FURTHER ORDERED** that Defendant Braach must fully cooperate with representatives of the Commission in this case and in any investigation related to or associated with the transactions or the occurrences that are the subject of the Complaint. Defendant Braach must provide truthful and complete information, evidence, and testimony. Defendant Braach must appear for interviews, discovery, hearings, trials, and any other proceedings that a Commission representative may reasonably request upon 5 days written notice, or other reasonable notice, at such places and times as a Commission representative may designate, without the service of a subpoena.

## VIII. ORDER ACKNOWLEDGMENTS

**IT IS FURTHER ORDERED** that Defendant Braach obtains acknowledgments of receipt of this Order.

    A.    Defendant Braach, within 7 days of entry of this Order, must submit to the Commission an acknowledgment of receipt of this Order sworn under penalty of perjury.

B.  For 5 years after entry of this Order, Defendant Braach, for any business that he, individually or collectively with any other Defendants, is the majority owner or controls directly or indirectly, must deliver a copy of this Order to: (1) all principals, officers, directors, and LLC managers and members; (2) all employees, agents, and representatives who participate in activity relating to the placement of charges on consumers' telephone bills; and (3) any business entity resulting from any change in structure as set forth in the Section IX below. Delivery must occur within 7 days of entry of this Order for current personnel. For all others, delivery must occur before they assume their responsibilities.

## IX. COMPLIANCE REPORTING

**IT IS FURTHER ORDERED** that Defendant Braach makes timely submissions to the Commission.

A.  One year after entry of this Order, Defendant Braach must submit a compliance report, sworn under penalty of perjury.

1.  Defendant Braach must:

    a. identify all of his telephone numbers and all of his physical, postal, email and Internet addresses, including residences;

13

b. identify the primary physical, postal, and email address and telephone number, as designated points of contact, which representatives of the Commission may use to communicate with him;

c. identify all of his business activities, including any business for which he performs services whether as an employee or otherwise and any entity in which he has any ownership interest;

d. identify all of his businesses by all of their names, telephone numbers, and physical, postal, email, and Internet addresses;

e. describe in detail his involvement in each such business, including title, role, responsibilities, participation, authority, control, and any ownership;

f. describe the activities of each business, including the goods and services offered, the means of advertising, marketing, sales, methods of payment, and the involvement of any other Defendant (which Defendant Braach must describe if he knows or should know due to his own involvement);

g. describe in detail whether and how he is in compliance with each Section of this Order; and

h. provide a copy of each Order Acknowledgment obtained pursuant to this Order, unless previously submitted to the Commission.

B. For 20 years after entry of this Order, Defendant Braach must submit a compliance notice, sworn under penalty of perjury, within 14 days of any change in the following:

1. any designated point of contact;

2. name, including aliases or fictitious name, or residence address;

3. title or role in any business activity, including any business for which he performs services whether as an employee or otherwise and any entity in which he has any ownership interest, and identify the name, physical address, and any Internet address of the business or entity.

4. the structure of any entity that he has any ownership interest in or controls directly or indirectly that may affect compliance obligations arising under this Order, including: creation, merger, sale, or dissolution of the entity or any subsidiary, parent, or affiliate that engages in any acts or practices subject to this Order;

15

C. Defendant Braach must submit to the Commission notice of the filing of any bankruptcy petition, insolvency proceeding, or similar proceeding by or against him within 14 days of its filing.

D. Any submission to the Commission required by this Order to be sworn under penalty of perjury must be true and accurate and comply with 28 U.S.C. § 1746, such as by concluding: "I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on [date] at [location]." and supplying the date, location, signatory's full name, title (if applicable), and signature.

E. Unless otherwise directed by a Commission representative in writing, all submissions to the Commission pursuant to this Order must be emailed to DEbrief@ftc.gov (with "FTC v. American eVoice, X130020" in the subject line) or sent by overnight courier (not the U.S. Postal Service) to:

> Associate Director for Enforcement
> Bureau of Consumer Protection
> Federal Trade Commission
> 600 Pennsylvania Avenue NW
> Washington, DC 20580
>
> RE: FTC v. American eVoice, X130020

## X. RECORDKEEPING

**IT IS FURTHER ORDERED** that Defendant Braach must create certain records for 20 years after entry of this Order, and retain each such record for 5 years. Specifically, Defendant Braach, for any business that he, individually or collectively with any other Defendants, is a majority owner or controls directly or indirectly, must create and retain the following records:

A. accounting records showing the revenues from all goods or services sold or billed;

B. personnel records showing, for each person providing services, whether as an employee or otherwise, that person's: name; addresses; telephone numbers; job title or position; dates of service; and (if applicable) the reason for termination;

C. records of all consumer complaints and refund requests, whether received directly or indirectly, such as through a third party, and any response;

D. all records necessary to demonstrate full compliance with each provision of this Order, including all submissions to the Commission; and

E. a copy of each unique advertisement or other marketing material.

## XI. COMPLIANCE MONITORING

**IT IS FURTHER ORDERED** that, for purposes of monitoring Defendant Braach's compliance with this Order, including the financial representations identified in Section IV.D and the payment required by Section IV.B of this Order:

A. Within 14 days of receipt of a written request from a representative of the Commission, Defendant Braach must: submit additional compliance reports or other requested information, which must be sworn under penalty of perjury; appear for depositions; and produce documents for inspection and copying. The Commission is also authorized to obtain discovery, without further leave of court, using any of the procedures prescribed by Federal Rules of Civil Procedure 29, 30 (including telephonic depositions), 31, 33, 34, 36, 45, and 69.

B. For matters concerning this Order, the Commission is authorized to communicate directly with Defendant Braach. Defendant Braach must permit representatives of the Commission to interview any employee or other person affiliated with any Defendant who has agreed to such an interview. The person interviewed may have counsel present.

C. The Commission may use all other lawful means, including posing, through its representatives as consumers, suppliers, or other

individuals or entities, to Defendant Braach or any individual or entity affiliated with Defendant Braach, without the necessity of identification or prior notice. Nothing in this Order limits the Commission's lawful use of compulsory process, pursuant to Sections 9 and 20 of the FTC Act, 15 U.S.C. §§ 49, 57b-1.

## XII. RETENTION OF JURISDICTION

**IT IS FURTHER ORDERED** that this Court retains jurisdiction of this matter for purposes of construction, modification, and enforcement of this Order.

**IT IS SO ORDERED.**

Dated this 30th day of January, 2017.

Dana L. Christensen, Chief Judge
United States District Court