IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION



| | |
|---|---|
| FEDERAL TRADE COMMISSION, | CV 13–03–M–DLC |
| Plaintiff, | |
| vs. | ORDER |
| AMERICAN EVOICE, LTD., EMERICA MEDIA CORPORATION, FONERIGHT, INC., GLOBAL VOICE MAIL, LTD., HEARYOU2, INC., NETWORK ASSURANCE, INC., SECURATDAT, INC., TECHMAX SOLUTIONS, INC., VOICE MAIL PROFESSIONALS, INC., STEVE V. SANN, TERRY D. LANE, a/k/a TERRY D. SANN, NATHAN M. SANN, ROBERT M. BRAACH, | |
| Defendants. | |
| and | |
| BIBLIOLOGIC, LTD., | |
| Relief Defendant. | |

Plaintiff Federal Trade Commission ("FTC" or "Commission") filed its

Complaint (Doc. 1) for a permanent injunction and other equitable relief in this

matter pursuant to Section 13(b) of the Federal Trade Commission Act ("FTC

Act"), 15 U.S.C. § 53(b), against Defendants American eVoice, Ltd.; Emerica

1

Media Corp.; FoneRight, Inc.; Global Voice Mail, Ltd.; HearYou2, Inc.; Network Assurance, Inc.; SecuratDat, Inc.; Techmax Solutions, Inc.; Voice Mail Professionals, Inc.; Steven V. Sann; Terry D. Lane (a/k/a Terry D. Sann); Nathan M. Sann; and Robert M. Braach ("Defendants"); and Relief Defendant Bibliologic, Ltd.

Plaintiff FTC and Defendant Terry D. Lane a/k/a Terry D. Sann ("Lane") stipulate to the entry of this Stipulated Permanent Injunction ("Order") to resolve all matters in dispute in this action between them.

THEREFORE, IT IS ORDERED as follows:

## FINDINGS

1. This Court has jurisdiction over this matter.

2. The FTC's Complaint charges that Defendants engaged in deceptive and unfair acts or practices in violation of Section 5 of the FTC Act, 15 U.S.C. § 45, by placing unauthorized charges on consumers' telephone bills ("cramming").

3. Defendant Lane neither admits nor denies any of the allegations in the Complaint, except as specifically stated in this Order. Only for purposes of this action, Defendant Lane admits the facts necessary to establish jurisdiction.

4. Defendant Lane waives any claim that she may have under the Equal Access to Justice Act, 28 U.S.C. § 2412, concerning the prosecution of this action through the date of this Order, and agrees to bear her own costs and attorney fees.

5. Defendant Lane waives all rights to appeal or otherwise challenge or contest the validity of this Order.

## DEFINITIONS

For purposes of this Order, the following definitions shall apply:

1. **"Clearly and Conspicuously"** means that a required disclosure is difficult to miss (i.e., easily noticeable) and easily understandable by ordinary consumers, including in all of the following ways:

    a. In any communication that is solely visual or solely audible, the disclosure must be made through the same means through which the communication is presented. In any communication made through both visual and audible means, such as a television advertisement, the disclosure must be presented simultaneously in both the visual and audible portions of the communication even if the representation requiring the disclosure is made in only one means.

b.  A visual disclosure, by its size, contrast, location, the length of time it appears, and other characteristics, must stand out from any accompanying text or other visual elements so that it is easily noticed, read, and understood.

c.  An audible disclosure, including by telephone or streaming video, must be delivered in a volume, speed, and cadence sufficient for ordinary consumers to easily hear and understand it.

d.  In any communication using an interactive electronic medium, such as the Internet or software, the disclosure must be unavoidable.

e.  The disclosure must use diction and syntax understandable to ordinary consumers and must appear in each language in which the representation that requires the disclosure appears.

f.  The disclosure must comply with these requirements in each medium through which it is received, including all electronic devices and face-to-face communications.

g.  The disclosure must not be contradicted or mitigated by, or inconsistent with, anything else in the communication.

h. When the representation or sales practice targets a specific audience, such as children, the elderly, or the terminally ill, "ordinary consumers" includes reasonable members of that group.

2. **"Corporate Defendants"** means American eVoice, Ltd.; Emerica Media Corp.; FoneRight, Inc.; Global Voice Mail, Ltd.; HearYou2, Inc.; Network Assurance, Inc.; SecuratDat, Inc.; Techmax Solutions, Inc.; Voice Mail Professionals, Inc., as well as any affiliates, subsidiaries, successors, or assigns, and any fictitious business entities or business names created or used by these entities, or any of them.

3. **"Defendants"** means the Individual Defendants and the Corporate Defendants, individually, collectively, or in any combination.

4. **"Individual Defendants"** means Steven V. Sann; Terry D. Lane (a/k/a Terry D. Sann); Nathan M. Sann; and Robert M. Braach.

5. **"Person"** means a natural person, an organization or other legal entity, including a corporation, partnership, sole proprietorship, limited liability company, association, cooperative, or any other group or combination acting as an entity.

# ORDER

## I. PROHIBITION AGAINST TELEPHONE BILLING

**IT IS THEREFORE ORDERED** that Defendant Lane is permanently restrained and enjoined from placing charges on any person's telephone bill, whether directly or through an intermediary, including by providing any advertising, marketing, financial, or technical assistance to other persons to place charges on any person's telephone bill.

## II. PROHIBITION AGAINST BILLING WITHOUT AUTHORIZATION

**IT IS FURTHER ORDERED** that Defendant Lane and her officers, agents, servants, employees, and attorneys, and all other persons in active concert or participation with any of them, who receive actual notice of this Order, whether acting directly or indirectly, are permanently restrained and enjoined from (a) representing or assisting others in representing, expressly or by implication, that a consumer is obligated to pay any charge for goods or services, or (b) causing or assisting others in causing any charge to be billed to a consumer's account, unless:

    A.    the consumer provides express verifiable authorization to be charged; and

    B.    all material terms of the offer for which the consumer is billed, including the number and amount of each charge and the account to

which each charge will be billed, have been clearly and conspicuously disclosed prior to the authorization of the charge and in close proximity to any request that the consumer provide his or her name, address, telephone number, email address, account number or any other payment information.

## III. PROHIBITION AGAINST USE OF CONSUMER INFORMATION

**IT IS FURTHER ORDERED** that Defendant Lane and her officers, agents, servants, employees, and attorneys, and all other persons in active concert or participation with any of them, who receive actual notice of this Order, whether acting directly or indirectly, are hereby restrained and enjoined from:

A. disclosing, using, or benefitting from customer information, including the name, address, telephone number, email address, social security number, other identifying information, or any data that enables access to a customer's account (including a credit card, bank account, or other financial account), that any Defendant obtained prior to entry of this Order in connection with the placement of charges on consumers' telephone bills; and

B. failing to destroy such customer information in all forms in their possession, custody, or control within 30 days after receipt of written

direction to do so from a representative of the Commission.

Provided, however, that customer information need not be disposed of, and may be disclosed, to the extent requested by a government agency or required by law, regulation, or court order.

## IV. MONETARY JUDGMENT AND PARTIAL SUSPENSION

**IT IS FURTHER ORDERED** that:

A. Judgment in the amount of forty-one million, nine hundred ten thousand, four hundred twenty-two dollars ($41,910,422) is hereby entered in favor of the Commission against Defendant Lane, jointly and severally, as equitable monetary relief, which shall be suspended, subject to Sections IV.B through IV.D below.

B. The Commission's agreement to the suspension of the monetary judgment is expressly premised upon the truthfulness, accuracy, and completeness of Defendant Lane's sworn financial statements and related documents (collectively, "financial representations") submitted to the Commission, namely:

1. Declaration of Terry Lane a/k/a Terry Sann executed on March 31, 2017, including attachments; and

2. Testimony given by Terry Lane a/k/a Terry Sann in her

8

deposition on September 14, 2016.

C. The suspension of the judgment will be lifted as to Defendant Lane if, upon motion by the Commission, the Court finds that Defendant Lane failed to disclose any material asset, materially misstated the value of any asset, or made any other material misstatement or omission in the financial representations identified above.

D. If the suspension of the judgment is lifted as Defendant Lane, the judgment becomes immediately due as to her in the amount specified in Section IV.A above (which the parties stipulate, only for purposes of this Section, represents the consumer injury alleged in the Complaint), less any payments previously made pursuant to this Section, plus interest computed from the date of entry of this Order.

## V. ADDITIONAL MONETARY PROVISIONS

**IT IS FURTHER ORDERED** that:

A. Defendant Lane relinquishes dominion and all legal and equitable right, title, and interest in all assets transferred pursuant to this Order and may not seek the return of any assets.

B. The facts alleged in the Complaint will be taken as true, without further proof, in any subsequent civil litigation by or on behalf of the

Commission, including in a proceeding to enforce its rights to any payment or monetary judgment pursuant to this Order, such as a nondischargeability complaint in any bankruptcy case.

C. The facts alleged in the Complaint establish all elements necessary to sustain an action by the Commission pursuant to Section 523(a)(2)(A) of the Bankruptcy Code, 11 U.S.C. § 523(a)(2)(A), and this Order will have collateral estoppel effect for such purposes.

D. Defendant Lane acknowledges that her Taxpayer Identification Numbers (Social Security Numbers or Employer Identification Numbers), which Defendant Lane previously submitted to the Commission, may be used for collecting and reporting on any delinquent amount arising out of this Order, in accordance with 31 U.S.C. § 7701.

E. All money paid to the Commission pursuant to this Order may be deposited into a fund administered by the Commission or its designee to be used for equitable relief, including consumer redress and any attendant expenses for the administration of any redress fund. If a representative of the Commission decides that direct redress to consumers is wholly or partially impracticable or if money remains

after redress is completed, the Commission may apply any remaining money for such other equitable relief (including consumer information remedies) as it determines to be reasonably related to Defendants' practices alleged in the Complaint. Any money not used for such equitable relief is to be deposited into the U.S. Treasury as disgorgement. Defendant Lane has no right to challenge any actions the Commission or its representatives may take pursuant to this Section V.E.

## VI. LIFTING OF ASSET FREEZE

**IT IS FURTHER ORDERED** that the freeze imposed on Defendant Lane's assets pursuant to the Stipulated Preliminary Injunction entered on May 8, 2013 (Doc. 55) is hereby dissolved.

## VII. COOPERATION

**IT IS FURTHER ORDERED** that Defendant Lane must fully cooperate with representatives of the Commission in this case and in any investigation related to or associated with the transactions or the occurrences that are the subject of the Complaint. Defendant Lane must provide truthful and complete information, evidence, and testimony. Defendant Lane must appear for interviews, discovery, hearings, trials, and any other proceedings that a Commission

representative may reasonably request upon 5 days written notice, or other reasonable notice, at such places and times as a Commission representative may designate, without the service of a subpoena.

## VIII. ORDER ACKNOWLEDGMENTS

**IT IS FURTHER ORDERED** that Defendant Lane obtains acknowledgments of receipt of this Order.

- A. Defendant Lane, within 7 days of entry of this Order, must submit to the Commission an acknowledgment of receipt of this Order sworn under penalty of perjury.

- B. For 5 years after entry of this Order, Defendant Lane, for any business that he, individually or collectively with any other Defendants, is the majority owner or controls directly or indirectly, must deliver a copy of this Order to: (1) all principals, officers, directors, and LLC managers and members; (2) all employees, agents, and representatives who participate in activity relating to the placement of charges on consumers' telephone bills; and (3) any business entity resulting from any change in structure as set forth in the Section IX below. Delivery must occur within 7 days of entry of this Order for current personnel. For all others, delivery must occur before they assume their

12

responsibilities.

C. From each individual or entity to which Defendant Lane delivered a copy of this Order, Defendant Lane must obtain, within 30 days, a signed and dated acknowledgment of receipt of this Order.

## IX. COMPLIANCE REPORTING

**IT IS FURTHER ORDERED** that Defendant Lane makes timely submissions to the Commission.

A. One year after entry of this Order, Defendant Lane must submit a compliance report, sworn under penalty of perjury.

    1. Defendant Lane must:

        a. identify all of her telephone numbers and all of her physical, postal, email and Internet addresses, including residences;

        b. identify the primary physical, postal, and email address and telephone number, as designated points of contact, which representatives of the Commission may use to communicate with her;

        c. identify all of her business activities, including any business for which she performs services whether as an

employee or otherwise and any entity in which she has any ownership interest;

d.  identify all of her businesses by all of their names, telephone numbers, and physical, postal, email, and Internet addresses;

e.  describe in detail her involvement in each such business, including title, role, responsibilities, participation, authority, control, and any ownership;

f.  describe the activities of each business, including the goods and services offered, the means of advertising, marketing, sales, methods of payment, and the involvement of any other Defendant (which Defendant Lane must describe if she knows or should know due to her own involvement);

g.  describe in detail whether and how she is in compliance with each Section of this Order; and

h.  provide a copy of each Order Acknowledgment obtained pursuant to this Order, unless previously submitted to the Commission.

B. For 10 years after entry of this Order, Defendant Lane must submit a compliance notice, sworn under penalty of perjury, within 14 days of any change in the following:

1. any designated point of contact;

2. name, including aliases or fictitious name, or residence address;

3. title or role in any business activity, including any business for which she performs services whether as an employee or otherwise and any entity in which she has any ownership interest, and identify the name, physical address, and any Internet address of the business or entity.

4. the structure of any entity that she has any ownership interest in or controls directly or indirectly that may affect compliance obligations arising under this Order, including: creation, merger, sale, or dissolution of the entity or any subsidiary, parent, or affiliate that engages in any acts or practices subject to this Order;

C. Defendant Lane must submit to the Commission notice of the filing of any bankruptcy petition, insolvency proceeding, or similar proceeding by or against her within 14 days of its filing.

D.  Any submission to the Commission required by this Order to be sworn under penalty of perjury must be true and accurate and comply with 28 U.S.C. § 1746, such as by concluding: "I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on [date] at [location]." and supplying the date, location, signatory's full name, title (if applicable), and signature.

E.  Unless otherwise directed by a Commission representative in writing, all submissions to the Commission pursuant to this Order must be emailed to DEbrief@ftc.gov (with "FTC v. American eVoice, X130020" in the subject line) or sent by overnight courier (not the U.S. Postal Service) to:

> Associate Director for Enforcement
> Bureau of Consumer Protection
> Federal Trade Commission
> 600 Pennsylvania Avenue NW
> Washington, DC  20580
> RE: FTC v. American eVoice, X130020

## X. RECORDKEEPING

**IT IS FURTHER ORDERED** that Defendant Lane must create certain records for 10 years after entry of this Order, and retain each such record for 5 years. Specifically, Defendant Lane, for any business that she, individually or

collectively with any other Defendants, is a majority owner or controls directly or indirectly, must create and retain the following records:

- A. accounting records showing the revenues from all goods or services sold or billed;

- B. personnel records showing, for each person providing services, whether as an employee or otherwise, that person's: name; addresses; telephone numbers; job title or position; dates of service; and (if applicable) the reason for termination;

- C. records of all consumer complaints and refund requests, whether received directly or indirectly, such as through a third party, and any response;

- D. all records necessary to demonstrate full compliance with each provision of this Order, including all submissions to the Commission; and

- E. a copy of each unique advertisement or other marketing material.

## XI. COMPLIANCE MONITORING

**IT IS FURTHER ORDERED** that, for purposes of monitoring Defendant Lane's compliance with this Order, including the financial representations identified in Section IV.B:

A. Within 14 days of receipt of a written request from a representative of the Commission, Defendant Lane must: submit additional compliance reports or other requested information, which must be sworn under penalty of perjury; appear for depositions; and produce documents for inspection and copying. The Commission is also authorized to obtain discovery, without further leave of court, using any of the procedures prescribed by Federal Rules of Civil Procedure 29, 30 (including telephonic depositions), 31, 33, 34, 36, 45, and 69.

B. For matters concerning this Order, the Commission is authorized to communicate directly with Defendant Lane. Defendant Lane must permit representatives of the Commission to interview any employee or other person affiliated with any Defendant who has agreed to such an interview. The person interviewed may have counsel present.

C. The Commission may use all other lawful means, including posing, through its representatives as consumers, suppliers, or other individuals or entities, to Defendant Lane or any individual or entity affiliated with Defendant Lane, without the necessity of identification or prior notice. Nothing in this Order limits the Commission's lawful use of compulsory process, pursuant to Sections 9 and 20 of the FTC

Act, 15 U.S.C. §§ 49, 57b-1.

## XII. RETENTION OF JURISDICTION

**IT IS FURTHER ORDERED** that this Court retains jurisdiction of this matter for purposes of construction, modification, and enforcement of this Order.

DATED this 28th day of June, 2017.

*/s/ Dana L. Christensen*
Dana L. Christensen, Chief District Judge
United States District Court

**SO STIPULATED AND AGREED:**

FOR PLAINTIFF FEDERAL TRADE COMMISSION:

_____                    Date:_____
RICHARD McKEWEN, WSBA #45041
Federal Trade Commission
Northwest Regional Office
915 Second Ave., Suite 2896
Seattle, WA 98174
Phone: 206-220-6350
Fax: 202-220-6366
E-mail: rmckewen@ftc.gov

Counsel for Plaintiff Federal Trade Commission


FOR DEFENDANT TERRY D. LANE a/k/a TERRY D. SANN


_____                    Date:_____
TERRY D. LANE a/k/a TERRY D. SANN,
individually